UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| HEATHER BOSTIC and TIMOTHY BOSTIC, individually and on behalf of the Estate of D.B.,　　　　)<br>)<br>)<br>)<br>　　Plaintiffs　　　　　　　　　　)<br>)<br>v.　　　　　　　　　　　　　　　)<br>)<br>GLAXOSMITHKLINE LLC, et al.　)<br>)<br>　　Defendants.　　　　　　　　　)<br>_____)　 | Case No.: 7:15-cv-00084-ART-EBA |

**PLAINTIFFS' MOTION TO REMAND**

Plaintiffs, Heather Bostic and Timothy Bostic, individually and on behalf of their deceased minor child Destiny Bostic's estate ("Plaintiffs"), respectfully request this Court remand this case to Pike County Circuit Court, where Plaintiffs filed it. Defendant GlaxoSmithKline LLC ("GSK") has requested that this Court sever the two non-diverse defendants (DE#3) and Plaintiffs filed their Response in Opposition on September 15, 2015 (DE#16). Should the Court deny GSK's Motion, this case must be remanded because two of the other defendants are Kentucky citizens that are not diverse from Plaintiffs, and therefore this Court does not have jurisdiction. *See Smith v. Smithkline Beecham Corp.*, 2010 U.S. Dist. LEXIS 89759 (E.D. Ky. 2010).

GSK bears "the burden of justifying removal" here. *Id.* at *4 (*citing Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). "The burden is on the Defendants to show fraudulent joinder, and as with any dispute over removal, all doubts are resolved in favor of remand." *Bowman v. Baggett*, 2014 U.S. Dist. LEXIS 82200 *2 (W.D. Ky. 2014) (*citing Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). "In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses

to sue, subject only to the rules of joinder of necessary parties." *Melton v. Merck & Co., Inc.,* 2006 U.S. Dist. LEXIS 37376 *12-13 (E.D. Ky. 2006) (*citing Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005). "While the plaintiffs' decision in this regard may have repercussions for purposes of diversity jurisdiction, there is no reason for a court to interfere with this inevitable consequence of a plaintiff's election unless the plaintiff…used an unacceptable device to defeat diversity." *Id.* at *13 (citations omitted).

Here, Plaintiffs have properly named necessary and non-diverse parties, and GSK cannot meet its high burden of securing federal jurisdiction for any part of this case.  A complete discussion of the facts and law relevant to these issues is included in Plaintiffs' Response to GSK's Motion to Sever (DE#16).

              Respectfully submitted,

              **JONES WARD PLC**

              */s/ Jasper D. Ward IV*
              Jasper D. Ward IV
              Alex C. Davis
              312 S. Fourth Street, 6th Floor
              Louisville, Kentucky 40202
              T: (502) 882-6000
              F: (502) 587-2007
              jasper@jonesward.com
              alex@jonesward.com
              *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September 2015, a true and correct copy of the foregoing document was filed with the Court through the CM/ECF system, and will be sent electronically to all registered participants who have entered appearances in this case to receive Notice of Electronic Filing.

              s/*Jasper D. Ward IV*
              *Counsel for Plaintiffs*